# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

**FILED**
**January 25, 2024**
C. CASEY FORBES, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**Christopher Spears,**
**Petitioner Below, Petitioner**

**vs.) No. 22-808** (Boone County CC-03-2009-C-86)

**Shelby Searls, Superintendent,**
**Huttonsville Correctional Center,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner appeals the Circuit Court of Boone County's September 22, 2022, order denying his petition for a writ of habeas corpus.[1] Petitioner contends the circuit court erred by finding his trial counsel did not render ineffective assistance of counsel despite counsel's failure to investigate and advise petitioner on the diminished capacity defense. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Petitioner was indicted in September 1998 for first-degree murder, aggravated robbery, burglary, grand larceny, and petit larceny. Petitioner pled guilty to first-degree murder and aggravated robbery, and the parties agreed to a binding sentence of life with mercy for first-degree murder. Sentencing for the aggravated robbery was discretionary with the court. Petitioner was subsequently sentenced to life with a recommendation of mercy for the first-degree murder conviction and a determinate term of eighty years for the aggravated robbery conviction, to be served consecutively.[2]

Petitioner filed his amended petition for a writ of habeas corpus with the circuit court in August 2020, and the circuit court later held an omnibus habeas corpus evidentiary hearing. After reviewing audio recordings of the petitioner's 1999 plea hearing in open court, petitioner withdrew many of his habeas claims.

---

[1] Petitioner appears by counsel Roger L. Lambert. Respondent appears by Attorney General Patrick Morrisey and Assistant Attorney General William E. Longwell.

[2] Said sentence is also consecutive to an unrelated burglary conviction for which the petitioner was sentenced to one to fifteen years.

Petitioner's single assignment of error on appeal is that the circuit court erred by finding that his trial counsel was not ineffective for not investigating a claim of diminished capacity and advising him of the same. In Syllabus Point 1 of *Mathena v. Haines*, 219 W. Va. 417, 633 S.E.2d 771 (2006), we held:

> In reviewing challenges to the findings and conclusions of the circuit court in a habeas corpus action, we apply a three-prong standard of review. We review the final order and the ultimate disposition under an abuse of discretion standard; the underlying factual findings under a clearly erroneous standard; and questions of law are subject to a *de novo* review.

Claims of ineffective assistance of counsel are governed by the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984): "(1) Counsel's performance was deficient under an objective standard of reasonableness; and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Syl. Pt. 5, in part, *State v. Miller*, 194 W. Va. 3, 459 S.E.2d 114 (1995).

> In reviewing counsel's performance, courts must apply an objective standard and determine whether, in light of all the circumstances, the identified acts or omissions were outside the broad range of professionally competent assistance while at the same time refraining from engaging in hindsight or second-guessing of trial counsel's strategic decisions. Thus, a reviewing court asks whether a reasonable lawyer would have acted, under the circumstances, as defense counsel acted in the case at issue.

*Id.* at 6-7, 459 S.E.2d at 117-18, Syl. Pt. 6.

At the omnibus hearing, trial counsel testified that he remembered discussing with petitioner his drug use, mental health, and lack of memory about the killing. We have held that a criminal defense attorney is obliged "to undertake reasonable pre-trial investigation of possible mental defenses where there are indications that a defendant suffers from a significant mental defect." Syl. Pt. 7, in part, *State ex rel. Vernatter v. Warden*, 207 W. Va. 11, 528 S.E.2d 207 (1999). To substantiate a diminished capacity defense, petitioner must "introduce expert testimony regarding a mental disease or defect that rendered the defendant incapable, at the time the crime was committed, of forming a mental state that is an element of the crime charged." Syl. Pt. 3, in part, *State v. Joseph*, 214 W. Va. 525, 590 S.E.2d 718 (2003), *accord State v. Simmons*, 172 W. Va. 590, 600, 309 S.E.2d 89, 99 (1983) (holding that "[t]he existence of a mental illness is not alone sufficient to trigger a diminished capacity defense. It must be shown by psychiatric testimony that some type of mental illness rendered the defendant incapable of forming the specific intent elements.").

Notably, petitioner did not present any expert testimony at the omnibus hearing, which was necessary to prove his claim of diminished capacity. Furthermore, assuming petitioner's counsel had pursued a diminished capacity defense at trial, a jury could still find the petitioner's criminal intent was not negated. In that vein, trial counsel thought accepting the plea was the better course because the potential sentence of life without mercy was of great concern due to the brutal nature of the killing. We agree with the circuit court that trial counsel acted reasonably considering the

2

circumstances of the underlying case at the time of trial preparation and the plea. Trial counsel's advice to petitioner was objectively reasonable considering potential trial evidence that the victim was brutally stabbed 131 times, and that petitioner was almost certainly the culprit.[3] Accordingly, we find no merit to petitioner's assignment of error.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED**: January 25, 2024

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice John A. Hutchison
Justice William R. Wooton
Justice C. Haley Bunn

---

[3] Law enforcement would have testified that the victim's personal property was found at the petitioner's nearby residence. An officer noticed one of petitioner's shoes was covered in blood. Blood stains were found on petitioner's utility room floor, and petitioner had washed his jeans at 5 a.m. on the morning of the murder. One of victim's neighbors heard noises emanating from the back of the victim's residence between 2 a.m. to 3 a.m. the same morning. Officers would also testify that the petitioner fled from his residence and hid during a search of the petitioner's home. A witness heard petitioner threaten to kill the victim numerous times. Another witness stated the victim did not like petitioner and that the victim would not have given petitioner any of the items found in petitioner's possession. The petitioner's then-girlfriend said petitioner had something to tell her but could not because officers had approached him. Petitioner's then-girlfriend also noticed blood stains on petitioner's shoes, which he tried to hide from her view. Petitioner's prints were also found in the victim's residence.